IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES SULLIVAN | ) | |
| | ) | |
| v. | ) | No. 2:20-0069 |
| | ) | |
| KILOLO KIJAKAZI[1] | ) | |
| Commissioner of Social Security | ) | |

**To:** The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Defendant" or "Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under Titles II and XVI, respectively, of the Social Security Act. The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket No. 15), to which Defendant has filed a response. (Docket No. 16.) Plaintiff has also filed a reply to Defendant's response. (Docket No. 17.) This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a Report and Recommendation. (Docket No. 4.)

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for former Commissioner Andrew Saul as the defendant in this lawsuit.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (Docket No. 15) be **DENIED**.

## I. INTRODUCTION

Plaintiff filed applications for DIB and SSI on March 13, 2018, and June 6, 2018, respectively. (*See* Transcript of the Administrative Record (Docket No. 11) at 11, 410-11).[2] He alleged that he was unable to work, as of the alleged disability onset date of March 13, 2018, because of liver disease, a brain tumor, and type 1 diabetes. (AR 11, 469.) The applications were denied initially and upon reconsideration. (AR 410-11, 444-45.) Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared and testified at a hearing before ALJ Todd Spangler on September 24, 2019. (AR 37.) The ALJ denied the claim on November 22, 2019. (AR 8-10.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision on August 27, 2020 (AR 1-4), thereby making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed a complaint in this Court seeking review of the ALJ's decision.

## II. THE ALJ FINDINGS

The ALJ's unfavorable decision included the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2023.

2. The claimant has not engaged in substantial gainful activity since March 13, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: chronic liver disease; pituitary gland disorder; diabetes mellitus; depressive and related disorders;

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

alcohol addiction disorder; and anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the individual can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to hazards. He is limited to simple and detailed tasks. He can occasionally interact with coworkers, supervisors, and the public. He can adapt to gradually introduced and infrequent changes in the workplace.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 18, 1981 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 13, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(AR 13-24.)

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 551 (6th Cir. 2020) (internal citations omitted). If substantial evidence supports the ALJ's decision, that decision will be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words, the ALJ's decision must be affirmed if his or her "findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision." *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010).

The Commissioner utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. First, if the claimant is engaged in substantial gainful activity, he is not disabled. *Id.* Second, the claimant is not disabled if he does not have a severe medically
4

determinable impairment that meets the 12-month durational requirements. *Id.* Third, the claimant is presumed disabled if he suffers from a listed impairment, or its equivalent, for the proper duration. *Id.* Fourth, the claimant is not disabled if, based on his residual functional capacity ("RFC"), he can perform past relevant work. *Id.* Fifth, if the claimant can adjust to other work based on his RFC, age, education, and work experience, he is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the Commissioner at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 843 (M.D. Tenn. 2019) (citing *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991)). A reviewing court is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (citing *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

### B. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps but found at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that Plaintiff's RFC allowed him to perform a range of light work with express limitations to account for his severe impairments, and that considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (AR 13-24.)

5

**C. Plaintiff's Assertion of Error**

Plaintiff presents two assertions of error: (1) that the ALJ failed to properly evaluate his subjective complaints; and (2) that the ALJ did not have the opportunity to review new and relevant evidence from Plaintiff's treating physician, which requires remand for additional consideration. (Docket No. 15-1 at 4-10.) Plaintiff therefore requests that the Commissioner's decision be reversed and benefits awarded pursuant to sentence four of 42 U.S.C. § 405(g), or alternatively that the Commissioner's decision be remanded under either sentence four or sentence six of 42 U.S.C. § 405(g) for additional consideration. (*Id*. at 10.)

Sentence four of 42 U.S.C. § 405(g) states that courts have the power to enter judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence six of 42 U.S.C. § 405(g) addresses the need for remand without a decision on the merits in certain circumstances:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

If the case contains an adequate record, "the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Hudson-Kane v. Berryhill*, 247 F. Supp. 3d 908, 914 (M.D. Tenn. 2017) (quoting *Mowery v. Heckler*, 771

6

F.2d 966, 973 (6th Cir. 1985)). However, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Holtman v. Saul*, 441 F. Supp. 3d 586, 609 (M.D. Tenn. 2020) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)).

### 1. Plaintiff's Subjective Complaints.

As part of the denial of Plaintiff's claim for benefits, the ALJ concluded that, although Plaintiff's medical impairments could reasonably be expected to cause his alleged symptoms, Plaintiff's statements as to the "intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (AR 17.) Plaintiff disputes this finding by arguing that the ALJ improperly dismissed his credible statements regarding the severity of his alleged symptoms. Specifically, Plaintiff suggests that the finding violates Social Security Ruling ("SSR") 96-7p, which requires the ALJ to provide reasons for any credibility finding that are "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements[.]" 1996 WL 374186, at *2 (July 2, 1996).[3]

The Court notes initially that SSR 96-7p was rescinded in 2016 and has been replaced by SSR 16-3p, which sets forth a different standard for evaluating a claimant's subjective statements that requires the ALJ to consider and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2017 WL 5180304, at *6 (October 25, 2017). This evaluation is based on seven factors: (1) the claimant's daily activities; (2) the location, duration,

---

[3] Social Security Rulings "do not have the same force and effect as statutes or regulations," but they are nonetheless "binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy" that are appropriately relied upon by courts adjudicating Social Security appeals. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 n.1 (6th Cir. 2009) (citing 20 C.F.R. § 402.35(b)).

frequency, and intensity of the alleged pain or other symptoms; (3) any precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant uses; (5) the claimant's non-medication treatment; (6) any measures other than treatment the claimant employs to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *Id*. at *7-8 (citing 20 C.F.R. § 404.1529(c)(3)). The now inoperative SSR 96-7p previously required the ALJ to make a "credibility" determination based on the claimant's statements about the limiting effects of any alleged symptoms, 1996 WL 374186, at *3 (July 2, 1996), although the Commissioner removed any reference to the term "credibility" in SSR 16-3p. Nonetheless, there is no substantive change in the ALJ's analysis and no reason to assume that case law pertaining to credibility evaluations under SSR 96-7p has been abrogated. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016) (noting that SSR 16-3p removed the term "credibility" only to "clarify that subjective symptom evaluation is not an examination of an individual's character"). Reviewing courts thus still accord "great weight and deference" to an ALJ's determination regarding the consistency of a claimant's allegations, *Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011), and a claimant seeking to overturn the ALJ's decision continues to "face an uphill battle." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005).[4]

On review of the administrative opinion, the Court finds no error in the ALJ's assessment of Plaintiff's subject complaints. The ALJ set forth several reasons for concluding that Plaintiff's statements of disabling symptoms were not entirely consistent with the overall evidence of record.

---

[4] The Court also echoes the sentiments of another district court within the Sixth Circuit regarding the change in terminology in the more recent ruling: "While the court applies the new SSR, it declines to engage in verbal gymnastics to avoid the term credibility where usage of the term is most logical." *Pettigrew v. Berryhill*, No. 1:17-CV-01118, 2018 WL 3104229, at *14, n.14 (N.D. Ohio June 4, 2018), *report and recommendation adopted*, 2018 WL 3093696 (N.D. Ohio June 22, 2018).

With respect to pituitary gland disorder, the ALJ highlighted "unremarkable" findings from imaging studies conducted in July 2017. (AR 17, 22, 1321.) The ALJ also noted that despite a diagnosis of "enlarged liver," treating providers described Plaintiff's cirrhosis as "stable," Plaintiff denied any symptoms of worsening liver function, and examination findings throughout 2018 were described as "unremarkable." (AR 18, 763, 783, 792, 813.) The ALJ additionally highlighted mental health records that, in contrast to Plaintiff's claims of disabling mental symptoms, documented normal mood and affect, good insight, and normal thought content, as well as an overall "improved" mental status in August 2019. (AR 19, 1463.) All such considerations were proper under SSR 16-3p.

Moreover, the ALJ noted that despite Plaintiff's alleged onset date of March 13, 2018, Plaintiff reported on June 29, 2018 that he was returning to full-time employment with the Tennessee Department of Transportation (AR 715), a scenario that inherently precludes a finding of disability. *See* 20 C.F.R. § 404.1520(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience."). Plaintiff was fired from that position just a few months later, which he blamed on his diabetic condition rendering him "unable to perform [his] job at 100 percent" (AR 49, 57-58), although he reported to a provider in September 2018 that he was in fact terminated after being charged with driving under the influence ("DUI") of opioids following a motor vehicle accident in which he was operating a company vehicle. (AR 1003-04, 1008.) He also later admitted to a provider that he "was arrested for DUI with Percocets while working and was fired for this." (AR 1007.) This provides further support for the ALJ's adverse findings regarding the consistency of Plaintiff's allegations, as the loss of employment for reasons unrelated to any alleged disability "casts doubt" on the reasons a claimant

9

is not working. *Mendiola v. Soc. Sec. Admin.*, No. 3:15-cv-0995, 2016 WL 5800470, at *5 (M.D. Tenn. Sept. 30, 2016) (citing *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004)).

Plaintiff identifies very little countervailing evidence and fails to challenge any of the ALJ's particular findings. He instead relies primarily on his own statements made during the administrative hearing to support the veracity of his testimony, reasoning that is circular in nature and therefore unhelpful to Plaintiff's position. Plaintiff does point to an office note from December 2017 during which he claimed that he was "using up all his sick leave[] at work" to argue that the constant need to use the restroom and side effects caused by Lactulose (medication used to treat liver disease) resulted in excessive absenteeism. (AR 45, 696.) As discussed above, however, Plaintiff's suggestion that he is unable to maintain a full-time job due to such issues is contradicted by his continued employment through September 2018, when he was fired not due to ongoing health issues but because of a criminal DUI charge apparently incurred in the course of his employment. (AR 1003-04.)[5] Plaintiff has therefore failed to provide any indication that the ALJ erred in his assessment, which is fatal to his argument given the enormous deference accorded to the ALJ's determination. *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016) ("While in theory we will not disturb an ALJ's credibility determination without a compelling reason … in practice ALJ credibility findings have become essentially unchallengeable.") (internal citations and quotations omitted).

Finally, Plaintiff makes a passing reference to "new evidence" obtained after the administrative hearing that, according to him, necessitates remand because it "would support the continued severity of his diabetes and chronic liver issues[.]" (Docket No. 15-1 at 6.) The Court

---

[5] The record also reveals that Plaintiff was the subject of an additional DUI charge in June 2018. (AR 1008.)

first notes that the lone record citation by Plaintiff shows only that he was transported by ambulance to a hospital in February 2020 for treatment of acute cholecystitis and a low platelet count (AR 233), which does not overcome the substantial evidence cited by the ALJ in support of his credibility determination. Second, as discussed in more detail below, the Court finds no basis for remanding the instant case under sentence six of 42 U.S.C. 405(g) for additional consideration even if such "new evidence" militated in Plaintiff's favor. For these reasons, the record provides no support for a finding that the ALJ committed reversible error.

In sum, the Court finds that because the ALJ reasonably concluded that Plaintiff's allegations were not entirely consistent based on specific discrepancies between Plaintiff's testimony and the medical evidence of record, the credibility finding is supported by substantial evidence. *See Joseph v. Comm'r of Soc. Sec.*, 741 F. App'x 306, 312 (6th Cir. 2018) ("[B]ecause the ALJ's credibility determination was based on [his] comparison of the medical evidence with [the claimant's] testimony, we do not find that it lacked substantial evidence."). In addition to the ALJ's stated reasons for this finding, a review of the record reveals other unfortunate habits that weigh against Plaintiff's credibility, including a failure to comply with providers' recommended treatment—including dietary restrictions and alcohol and tobacco abstinence (AR 870, 879, 883, 912, 965, 1003-04, 1008)—which is a "legitimate credibility factor for an ALJ to consider," *Robertson v. Colvin*, 2015 WL 5022145, at *6 (E.D. Tenn. 2015), as well as a tendency to mislead providers regarding the extent of his substance use. (AR 980, 1002, 1008, 1014-17, 1024.) Such evidence further bolsters the ALJ's determination. Accordingly, the Court finds that substantial evidence supports the ALJ's determination and this assertion of error is therefore rejected.

11

### 2. Request for Sentence Six Remand.

Plaintiff next argues that this matter should be remanded under sentence six of 42 U.S.C. § 405(g) to allow the ALJ to consider additional evidence that was not available at the administrative hearing. Specifically, Plaintiff wants an ALJ to have the opportunity to consider a functional assessment completed by his treating physician, Dr. Phillip Bertram, on March 17, 2020, nearly six months after the administrative hearing concluded. (AR 37, 346-51.) For multiple reasons, the Court finds no basis on which to grant Plaintiff's requested relief.

Sentence six of 42 U.S.C. § 405(g) states in relevant part that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" While there is typically little question that a treating physician's opinion regarding a claimant's functional capacity is material to an ALJ's consideration, Plaintiff makes no attempt to provide good cause for his failure to procure such evidence until half a year after the administrative hearing and nearly four months after the ALJ issued his decision, which dooms his argument. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x 540, 544 (6th Cir. 2014) ("To the extent [the claimant] attempts to request review of evidence submitted by her treating physician after the ALJ issued its decision … that evidence is not part of the administrative record and is not subject to our review."). He instead relies only on the fact that the records "were not available to the ALJ prior to the hearing" (Docket No. 15-1 at 10), an observation that of course does nothing to explain *why* such records were not available at the time of the administrative hearing. *See Perkins v. Apfel*, 14 F. App'x 593, 598 (6th Cir. 2001)

12

("The mere fact that the evidence at issue was not created until nine months after the ALJ's decision ... does not establish good cause.").[6]

None of the cases quoted in Plaintiff's memorandum can rescue his argument. In fact, the one discussed most extensively in the brief—a Ninth Circuit case—has nothing to do with sentence six remand, but instead stands only for the principle that an ALJ may not "disregard properly supported limitations" by ignoring evidence that was part of the administrative record and therefore available to the ALJ at the time the administrative opinion was issued. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). More detrimental still, the Sixth Circuit case on which Plaintiff relies actually counsels *against* accepting Plaintiff's argument, with the court there concluding that a claimant's assertion that sentence six remand was necessary because of the alleged underperformance of his attorney during the administrative process failed to establish good cause. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir. 1996) ("In order to obtain a [sentence six] remand for further administrative proceedings, section 405(g) clearly requires a showing of both materiality and good cause, and Cline falls far short with respect to the latter requirement."). Because Plaintiff offers not even a lackluster basis on which good cause might be based, this assertion of error must be rejected.[7]

---

[6] In response to Defendant's argument that Plaintiff failed to provide good cause, Plaintiff filed a reply brief in which he not only failed to offer any rejoinder but simply restated the verbatim argument set forth in his initial brief. (Docket No. 15-1 at 9-10; Docket No. 17 at 3-4.)

[7] The Court pauses to address another timing issue potentially raised in Plaintiff's brief. Plaintiff vaguely suggests that his "poor glucose numbers" discovered in March 2020 have some correlation to Dr. Bertram's March 2020 opinion, ostensibly because of the proximity of the events. (Docket No. 15-1 at 9-10.) As discussed by Defendant, if Plaintiff believes his condition has deteriorated since the issuance of the administrative opinion, he should file a new application based on this new period of time. *See* 20 C.F.R. § 404.620(a)(2) ("If you first meet all the requirements for entitlement after the period for which your application was in effect, you must file a new application for benefits.").

## V. RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that Plaintiff's motion for judgment on the administrative record (Docket No. 15) be DENIED and the Commissioner's decision be affirmed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge